```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA              :
                                      :
     -against-                        :      No. 14 Cr. 518 (JFK)
                                      :
DIONYSIUS FIUMANO,                    :      OPINION & ORDER
                                      :
                    Defendant.        :
--------------------------------------X
```

<pre>
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/2020
</pre>

APPEARANCES

FOR DEFENDANT DIONYSIUS FIUMANO:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Edward A. Imperatore
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a pro se motion by Defendant Dionysius Fiumano seeking a sentence reduction due to the COVID-19 pandemic and his status as a first-time, non-violent offender. Fiumano brings the motion pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) ("the Act"), commonly known as the compassionate release statute. The Government opposes Fiumano's motion as procedurally barred because he did not satisfy the Act's administrative exhaustion requirements before seeking judicial intervention, and substantively meritless because Fiumano's age and medical conditions—he is 49 and in generally good health—and the 18 U.S.C. § 3553(a) sentencing factors do not warrant a modification to his term of imprisonment. For the reasons set forth below, Fiumano's motion is DENIED.

1

**I.  Background**

Unless otherwise noted, the following is taken from the materials the parties submitted, Fiumano's Presentence Investigation Report ("PSR"), (ECF No. 118), and the transcript of Fiumano's sentencing, (ECF No. 137).  In ruling on Fiumano's request, the Court has considered the arguments advanced in his pro se motion, (ECF No. 200), the Government's opposition, (ECF No. 202), and four additional filings Fiumano submitted, which the Court views collectively as Fiumano's reply, (ECF Nos. 203 (Mot. Seeking Leave to Suppl. Mot. for Sentence Reduction), 204 (Reply in Absence of Gov't's Resp.), 211 (Mot. for Leave to File Reply Out of Time), 214 (Supp. Reply)).

On May 3, 2016, Fiumano was convicted by a jury of wire fraud, in violation of 18 U.S.C. § 1343, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  (PSR ¶¶ 2-5.)  The charges stemmed from Fiumano's central role in a massive mortgage modification scheme that stole millions of dollars from thousands of homeowners in dire financial straits over a period of almost three-and-a-half years.  (Id. ¶¶ 2-3, 25-35.)  Through a series of targeted phone calls and emails containing false and fraudulent representations, Fiumano and a sales team of dozens of telemarketers whom he supervised conned desperate individuals suffering from the effects of the 2008 financial crisis into paying thousands of dollars in up-front

2

fees in exchange for little or no help modifying their mortgages. (Id.) Fiumano and his co-conspirators obtained approximately $31 million from more than 30,000 victims, at least 61 of whom lost their homes. (Id. ¶¶ 47-57; Sent. Tr. at 29:18-19.)

Fiumano's sentencing occurred on September 15, 2016, during which the Court read excerpts from two of the more than 100 victim impact statements it received "so that anyone who reads this record has some idea of why I say this was a callous scheme and really a heartless one." (Sent. Tr. at 29:22-30:1.) The Court found a statutory maximum of 20 years' imprisonment on each count, with a Guidelines total maximum sentence of 40 years. (Id. at 31:5-7.) Nevertheless, the Court varied downward, sentencing Fiumano to 16 years' incarceration on each count, which were to run concurrently. (Id. at 33:14-21.) The Court ordered restitution in the amount of $11,975,404. (Id. at 34:23-25.) To date, Fiumano has served approximately 4 years of his 16-year sentence. He is scheduled for release on June 4, 2030. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 16, 2020).

On May 21, 2020, Fiumano, proceeding pro se, filed a motion requesting a reduction in sentence and his immediate compassionate release due to the COVID-19 pandemic. (ECF No. 200.) Fiumano's motion explained that he was deeply worried

3

about his health should he contract the coronavirus while incarcerated. On June 1, 2020, the Government opposed Fiumano's request on the grounds that he had failed to first seek compassionate release from the Warden of his facility and, even if he had, no extraordinary and compelling reasons support his release, which would be inappropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a). (ECF No. 202.) Although the Government's opposition was timely filed, Fiumano apparently did not receive a copy of it until September 22, 2020. On June 18, July 23, September 16, and October 20, 2020, Fiumano filed a series of motions and reply briefs in further support of his request for compassionate release. (ECF Nos. 203–05, 208, 210–12, 214.)

## II. Discussion

### A. Legal Standard

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A). Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i). In doing so, the Court must also consider "the factors set forth in [18

4

U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A).  "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations in original) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

The Second Circuit recently ruled that the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020).  Accordingly,

> when assessing a motion brought directly by an imprisoned person rather than by the BOP, the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community.  Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." However, even if such reasons are present, the Court must also assure itself that release is consistent with

5

>     "the factors set forth in section 3553(a) to the extent
>     that they are applicable."

United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051, at *2 (S.D.N.Y. Sept. 29, 2020) (footnote and internal citations omitted).  "[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### B. Analysis

The Court is sympathetic to the heightened risk certain individuals face from COVID-19. See People at Increased Risk, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Nov. 16, 2020); see also United States v. Park, 456 F. Supp. 3d 557, 560 (S.D.N.Y. 2020) ("The nature of prisons—crowded, with shared sleeping spaces and common areas, and often with limited access to medical assistance and hygienic products—put those incarcerated inside a facility with an outbreak at heightened risk.") (collecting sources).  And, on at least one occasion, it has ruled that the threat posed by the COVID-19 pandemic to a medically "high-risk" individual constitutes "extraordinary and compelling reasons" to warrant immediate compassionate release. See United States v.

Smith, 454 F. Supp. 3d 310, 315 (S.D.N.Y. 2020) (granting release to non-violent 62-year-old who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma); but see United States v. Graves, No. 18 Cr. 146 (JFK), 2020 WL 6058269, at *3–*4 (S.D.N.Y. Oct. 14, 2020) (denying release to non-violent 43-year-old despite his medical conditions); United States v. Riter, No. 18 Cr. 313 (JFK), 2020 WL 3428144, at *3–*4 (S.D.N.Y. June 23, 2020) (same for non-violent 56-year-old).

Nevertheless, in this case, even if Fiumano could demonstrate administrative exhaustion, after considering the 3553(a) factors, the Court is not persuaded that extraordinary and compelling reasons exist to reduce his sentence. Accordingly, Fiumano's motion is denied.

First, Fiumano has failed to articulate any extraordinary and compelling reason why his sentence should be reduced. The foundation of Fiumano's motion is the generalized threat COVID-19 poses to incarcerated individuals. Indeed, according to the Centers for Disease Control and Prevention ("the CDC"), older adults and people of any age who have serious underlying medical conditions may be at higher risk for a severe illness from COVID-19. See People at Increased Risk, Ctrs. for Disease Control & Prevention, supra. Here, however, Fiumano's age and general good health do not warrant his immediate release.

Fiumano is 49, significantly younger than the CDC's former high-risk cutoff age of 65. See id.; see also, e.g., United States v. Skelos, No. 15 Cr. 317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) ("Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case. Defendant is 37 years old, and thus faces a relatively low risk of hospitalization or death from COVID-19.") (collecting sources). While the CDC has listed certain medical conditions as a potential risk factor for a severe illness from COVID-19, Fiumano has not identified any serious health conditions of his own, to say nothing of the types of medical issues that would increase his vulnerability to COVID-19 or which are consistent with risk factors generally looked to by the CDC and courts, such as cancer, diabetes, or immunocompromization. See, e.g., Park, 456 F. Supp. 3d at 563–64 (granting release to 44-year-old with a documented history of respiratory issues, including severe asthma and immune-compromising diseases); United States v. Williams, 456 F. Supp. 3d 414, 419 (D. Conn. 2020) (granting release to defendant with chronic asthma, hypertension, diabetes, and high cholesterol); Smith, 454 F. Supp. 3d at 315; but see, e.g., United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [defendant] has health issues, but

his condition is stable and has been effectively managed by routine monitoring and medication"); United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269, at *3 (S.D.N.Y. May 14, 2020) (same for 43-year-old with obesity and liver disease).

Second, and decisive here, even if Fiumano's age, health risks, and the COVID-19 pandemic could provide extraordinary and compelling reasons for a sentence reduction, application of the 3553(a) factors cripples his request and outweighs any justification for early release.  Here, the factors that weigh in Fiumano's favor, such as the need to provide necessary medical care, are overshadowed by the combined force of "the nature and circumstances of the offense" and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).  For the reasons stated in detail at Fiumano's sentencing, which are incorporated by reference here, including the Court's finding that Fiumano committed serious crimes over a period of several years and "[t]he harm to the victims was enormous financially and emotionally," (Sent. Tr. at 33:5–9), the Court finds that modifying Fiumano's significantly below-Guidelines term of incarceration would disserve the above important sentencing factors. Cf. Graves, 2020 WL 6058269, at

9

*4; United States v. Haney, 454 F. Supp. 3d 316, 322 (S.D.N.Y. 2020) (denying release to nonviolent 61-year-old defendant "in reasonably good health").

### III. Conclusion

For the reasons set forth above, Defendant Dionysius Fiumano's motion for a reduction in sentence is DENIED.

The Clerk of Court is directed to terminate the motions docketed at ECF Nos. 200 and 203.

**SO ORDERED.**

Dated:   New York, New York
         November 18, 2020

*John F. Keenan*
John F. Keenan
United States District Judge